UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN ROLLINS                                      CIVIL ACTION

VERSUS                                              NUMBER: 05-1961

MAJOR KEITH BICKHAM, ET AL.                         SECTION: "I"(5)


**REPORT AND RECOMMENDATION**


Nathan Rollins, hereinafter referred to as plaintiff, has instituted suit on the standard form utilized by inmates for lodging complaints pursuant to 42 U.S.C. §1983.  He has named as defendants herein Major Keith Bickham, Major Johnny Gerald, Sgt. Master Wayne Kennedy, Sgt. Eric Manning, Lt. Rick Warren, Warden Robert Tanner, unnamed B-Team Extended Lockdown Officers and the Washington Correctional Institute.  The basis for plaintiff's complaint is that excessive use of force was exercised against him by various officers employed by the Louisiana Department of Corrections.  (Rec. doc. 1).

This matter was referred to the undersigned pursuant to 28

U.S.C. §636(b)(1)(B) and the Local Rules of this Court, as plaintiff has sought adjudication of issues pertaining to his conditions of confinement. Plaintiff has not sought trial by jury. (Rec. doc. 1).  Accordingly, an evidentiary hearing went forward herein on May 30, 2006 at which time plaintiff and multiple witnesses gave testimony.  (Rec. docs. 42, 35).

As the Court understands it, the facts pertaining to plaintiff's claim are essentially as follows:

On January 20, 2005, plaintiff became engaged in a physical altercation with Sgt. Wayne Kennedy, a ten-year employee at Washington Correctional Institute.  Plaintiff had become angry that Sgt. Kennedy performed a shakedown of his locker in Wind Unit where Rollins resided, accusing Kennedy of harassing him.  According to Kennedy's testimony, plaintiff attacked him from behind, hitting him on the back of the head.  Kennedy suffered head, back, shoulder and dental injuries as a result of plaintiff's attack. Rollins claims that, although Kennedy received multiple injuries, plaintiff emerged unscathed following this incident.

Ultimately, Rollins was charged with battery upon a corrections officer in state court, pled guilty to those charges and was sentenced to three years imprisonment as a result.  That conviction remains valid as of the date of this Court's hearing.

After the altercation between plaintiff and Sgt. Kennedy was

2

halted, plaintiff was immediately transferred from Wind Unit to Sleet Unit, an administrative segregation area. Once in Sleet Unit, plaintiff claims that Majors Bickham and Gerald exercised excessive force on him while he was restrained, in retaliation for what he had done to Sgt. Kennedy. He additionally claims that Lt. Rick Warren also punched him while he was on Sleet Unit.

Ultimately, plaintiff was seen by medical personnel and received staples to his head which he largely attributes to being struck with a walkie-talkie radio by Major Bickham. Various inmates from whom plaintiff obtained testimony at the time of the hearing support plaintiff's statement that he was injured while on Sleet Unit by one or more officers, although there does appear to be a discrepancy as to where on the Unit, i.e., the lobby or the pipe chase, the force was applied. However, at least one of plaintiff's witnesses, Jason Harris, testified that plaintiff was bleeding from his head immediately following the altercation with Kennedy and before plaintiff was removed from Wind Unit where the incident occurred. Sgt. Kennedy, Major Bickham and Major Gerald all testified that plaintiff was bleeding from the head while on Wind Unit immediately following the altercation with Kennedy.

Plaintiff's medical records that were generated on January 20, 2005 at 5:20 p.m. indicate that plaintiff suffered a laceration to the top of his head approximately 2 inches by 1/4 inch in size,

with no active bleeding, the area already having been cleaned with peroxide, presumably by an EMT.  Plaintiff also had a small open area on his left ankle, several scratches on his head and face, a hematoma on the right side of his head and complaints of painful left ribs but no obvious bruising.  His wrists were noted to be swollen.

Once seen by the doctor, two superficial lacerations of the scalp were noted and nine staples were applied to obtain proper closure.  A tetanus shot was also administered. Probable bruising to plaintiff's left ribs was observed but his rib cage was considered stable and his lungs were clear.

The following day it was noted that plaintiff showed no signs of distress. Motrin was prescribed. By January 27, 2005, plaintiff's stitches were removed with the notation that his scalp had healed.  Plaintiff had no further medical records for the following two months.

On February 3, 2005, plaintiff filed an Administrative Remedy Procedure ("A.R.P.") grievance concerning the incident of January 20, 2005.  In that grievance, he made complaints against Lieutenants Mitchell and Warren, Sgt. Scott Williams and Majors Gerald and Bickham. Upon review of plaintiff's allegations, prison officials concluded that the injuries which plaintiff received occurred on the Wind dormitory as a result of the initial

altercation with Sgt. Kennedy.  At no point did plaintiff amend his A.R.P. to include allegations against any other prison officials.

Presently before the Court is a motion to dismiss Assistant Warden Robert Tanner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. doc. 21).  In that motion, the State alleges that Warden Tanner is entitled to qualified immunity for any actions taken for which plaintiff claims damages. (Id.).

The Court notes that, in plaintiff's complaint, Rollins claims that Warden Tanner called Majors Bickham and Gerald to the cell block where he was ultimately injured.  Plaintiff further concludes that Tanner knew that the two named majors were going to injure him and that he should have intervened to prevent this from happening. Finally, Rollins claims that Tanner was the only person on the grounds of the prison at the time of the incident besides an unidentified Colonel who had direct control over the two majors.

In his opposition to the Warden's motion to dismiss, plaintiff claims for the first time that Tanner was physically present when Bickham and Gerald were striking him and failed to intervene. (Rec. doc. 36, p. 3.).  Although plaintiff attaches the affidavits of various inmates to his opposition, none of these documents sets forth facts which either state or imply the presence of the Warden at the time the plaintiff was injured.  Furthermore, as noted earlier, on March 30, 2006, the Court held an evidentiary hearing

5

pertaining to plaintiff's claims.  Although plaintiff claimed that Warden Tanner saw him beaten by Majors Bickham and Gerald, none of the other witnesses from whom plaintiff obtained testimony corroborated plaintiff in this regard.

As noted above, plaintiff has never filed an Administrative Remedy Procedure grievance against Warden Tanner, Sgt. Wayne Kennedy or Sgt. Eric Manning.  Before he can proceed against any of these three individuals, this is a step which must first be completed.  Accordingly, independent of the arguments set forth in the State's motion, plaintiff's claims in the current litigation against these defendants must be dismissed.  Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819 (2001); Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), cert. denied, 526 U.S. 1133, 119 S.Ct. 1809 (1999).

Additionally, the claims of the plaintiff against the Washington Correctional Institute and the unnamed B-Team Extended Lockdown Officers must likewise be dismissed as these are not legal entities capable of standing in judgment either under 42 U.S.C. § 1983 or pursuant to Rule 17, Fed.R.Civ.P.  Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976)(citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696

(1970)).  They are neither persons nor legal entities against whom judgment can be rendered or collected.  Nor have these entities been served with process.  (Rec. docs. 8, 9).

Furthermore, as to Sgt. Wayne Kennedy, in addition to the grounds otherwise set forth above, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), plaintiff does not have a cause of action against this defendant unless and until the criminal conviction stemming from the altercation with Sgt. Kennedy is overturned or vacated.  Hainze v. Richards, 207 F.3d 795, 798-99 (5th Cir.), cert. denied, 531 U.S. 959, 121 S.Ct. 384 (2000); Sappington v. Bartee, 195 F.3d 234, 235 (5th Cir. 1999); Hudson v. Hughes, 98 F.3d 868, 872-73 (5th Cir. 1996).

As to the remaining defendants, i.e., Major Keith Bickham, Major Johnny Gerald and Lt. Rick Warren, although plaintiff appears to have exhausted his administrative remedies, the quality of the evidence against these officers is insufficient to warrant judgment being rendered in plaintiff's favor.

Jurisprudence dictates that in order to prevail on an excessive force claim, a plaintiff must show: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.  Tarver v. City of Edna, 410 F.3d 745, 751 (5th Cir. 2005); Harper v. Harris County, 21 F.3d 597, 600-01 (5th Cir. 1994).

In determining whether force was excessive, the Court must consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999 (1992). In making that determination, the Court may consider: 1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of forced used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response. Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). Lastly, prison officials should be given wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison. Id.

In applying these principles to the case at hand, the Court notes that, first, the extent of plaintiff's injuries does not support a brutal beating such as he alleges took place. Shortly after the alleged impact with the walkie-talkie which he attributes to Bickham, plaintiff's head was not even bleeding and the scope of his head wound was quite small. Second, it is impossible to separate which injuries were caused by the altercation with Sgt. Kennedy and what might have occurred later, if any. The Court

8

simply does not believe that only Sgt. Kennedy was injured in the initial incident and there is testimony from others, including one of plaintiff's own witnesses, that Rollins had a head injury as a result of the fight with Kennedy.

Like any civil case, it always remains plaintiff's burden of proof to establish all of his allegations by a preponderance of the evidence.  He cannot do so in this instance.

### RECOMMENDATION

IT IS RECOMMENDED that there be judgment herein in favor of defendants, Major Keith Bickham, Major Johnny Gerald, Sgt. Master Wayne Kennedy, Sgt. Eric Manning, Lt. Rick Warren, Warden Robert Tanner, unnamed B-Team Extended Lockdown Officers and the Washington Correctional Institute, dismissing the claims of plaintiff, Nathan Rollins, with prejudice at his costs.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  13th  day of    September    , 2006.

                                              ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE